UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

EMPLOYERS INSURANCE
COMPANY OF WAUSAU,

       Plaintiff,

                                                  Case Number 11-10206-BC
v.                                              Honorable Thomas L. Ludington

DURO-LAST ROOFING, INC., and
OSCODA PLASTICS, INC.,

       Defendants.
_____/

**ORDER DENYING MOTION TO FILE CERTAIN DOCUMENTS UNDER SEAL**

On May 12, 2011, Plaintiff Employers Insurance Company of Wausau filed a motion for partial summary judgment. [Dkt. # 29]. Plaintiff contends that it is not obligated to provide insurance coverage for damages associated with products shipped by Defendants Duro-Last Roofing, Inc., and Oscoda Plastics, Inc., after July 1, 2003, when the final Wausau policy expired. Plaintiff also filed a motion seeking leave of the Court to file certain documents under seal. [Dkt. # 28]. Plaintiff would like to file under seal a single exhibit containing "purchase orders, construction documents and contracts, job placement orders, invoices, bills of lading and other shipping information." Pl.'s Mot. ¶ 5.

Pursuant to Eastern District of Michigan Local Rule 5.3, items may be filed under seal if sealing is authorized by statute or court rule. E.D. Mich. L.R. 5.3(a). If there is no statute or rule that authorizes filing the document under seal, the party proposing to file the motion under seal must first seek authorization from the Court. E.D. Mich. L.R. 5.3(b). A motion seeking authorization to file a document under seal must identify the authority for sealing the document; identify each item proposed for sealing; state the reason sealing each item is necessary; state the reason that a means

other than sealing will not preserve the interest advanced by the movant in support of the seal; and include a supporting brief. E.D. Mich. L.R. 5.3(b)(2)(A).

Here, Plaintiff does not identify a statute or court rule that authorizes filing purchase orders, contracts, invoices, and bills of lading under seal. As a result, Plaintiff must meet the requirements of Local Rule 5.3(b)(2)(A) before the Court will permit filing the documents under seal. Plaintiff contends that it should be permitted to file the documents under seal because they were produced pursuant to a protective order that was entered in another case. The fact that the documents were produced pursuant to a protective order may mean that Plaintiff lacks authorization to publicly disclose those documents, but it does not justify filing the documents under seal. Moreover, Plaintiff has not identified each item to be sealed, provided a reason that sealing is necessary, or explained why some other method, such as redaction, would not preserve the particularl interest Plaintiff is seeking to protect.

Contracts, purchase orders, and bills of lading are common documents that are routinely used in business transactions. Unless there is something unique about these particular contracts, purchase orders, and bills of lading, it is unlikely that sealing will be justified. If Plaintiff is barred by the North Carolina protective order from disclosing the documents in its possession, it may be required to seek a waiver of the protective order or seek to discover the documents separately in this case. Plaintiff has not demonstrated that sealing the documents is necessary.

Accordingly, it is **ORDERED** that Plaintiff's motion to file certain documents under seal [Dkt. # 28] is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: May 23, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 23, 2011.

s/Tracy A. Jacobs
TRACY A. JACOBS