UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

EMPLOYERS INSURANCE
COMPANY OF WAUSAU,

       Plaintiff,

                                      Case Number 11-10206-BC
v.                                     Honorable Thomas L. Ludington

DURO-LAST ROOFING, INC.
and OSCODA PLASTICS, INC.,

       Defendants.
_____ /

**OPINION AND ORDER**
**GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR**
**PARTIAL SUMMARY JUDGMENT AND GRANTING DEFENDANTS' MOTION**
**FOR LEAVE TO FILE AMENDED ANSWER AND COUNTER-COMPLAINT**

      Defendants Duro-Last Roofing, Inc. and Oscoda Plastics, Inc. manufactured a commercial flooring product, "Protect-All®," installed in 157 Cracker Barrel restaurants around the country in the 1990s and early 2000s. Plaintiff Employers Insurance Company of Wausau issued Defendants five general commercial liability insurance policies which provided insurance from August 1, 1999 to July 1, 2003.[1] *See* Compl. Exs. A–E, ECF No. 1-2–1-5 ; Pl.'s Mot. Summ. J. Ex. A ¶ 4, ECF No. 29-2; Defs.' Opp'n Summ. J. *passim*, ECF No. 33.

      In June 2007, Cracker Barrel sued Defendants in North Carolina state court, alleging defects in the design, manufacture, and installation of the flooring. Defendants provided Plaintiff notice of the Cracker Barrel litigation. Plaintiff agreed to participate in the litigation and provide a defense, but under a full reservation of rights.

---

[1] Although the fifth and final policy was intended to run through December 31, 2003, the policy "was terminated early, on July 1, 2003, at the request of [Defendants]." Pl.'s Mot. Summ. J. Ex. A ¶ 4. Defendants do not dispute this. *See* Defs.' Opp'n Summ. J. *passim*.

On January 18, 2011, Plaintiff filed suit in this Court under the Declaratory Judgment Act, 28 U.S.C. § 2201, seeking a declaration that its policies did not cover liabilities arising from the North Carolina case. The policies provide in pertinent part:

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. . . .
b. This insurance applies to "bodily injury" and "property damage" only if . . . [t]he "bodily injury" or "property damage" occurs during the policy period . . . .

Compl. Exs. A at 7, B at 15, C at 14, D at 16, E at 14, *quoted in* Pl.'s Mot. Summ. J. 5. "Property damage" is defined as "[p]hysical injury to tangible property, including all resulting use of that property. All such loss of use shall be deemed to occur at the time of physical injury." Compl. Exs. A at 36, B at 32–33, C at 31–32, D at 36, E at 34. The "policy period" ran from August 1, 1999 to July 1, 2003. *See* Compl. Exs. A–E; Pl.'s Mot. Summ. J. Ex. A ¶ 4; Defs.' Opp'n Summ. J. *passim*.

In March 2011, Defendants moved to dismiss this case, arguing that allowing it to proceed would be an abuse of discretion, as many of the same factual issues are already before the North Carolina court. ECF No. 14. The Court denied the motion, agreeing with Plaintiff that the extent to which Defendants are entitled to insurance coverage for the underlying Cracker Barrel litigation depends on the language of the policies, not the facts of the underlying North Carolina case, and the Court need not wait for that case to be resolved before considering the coverage issues. ECF No. 32. Defendants then filed an unopposed third-party complaint to join two other insurers who also provided Defendants coverage, Third-Party Defendants Zurich American Insurance Co. and National Union Fire Insurance Co. of Pittsburg. ECF No. 40.

The North Carolina case is scheduled to go to trial in September 2011. Fifty-four witnesses, including eight experts, have been deposed. The parties have also produced about one

hundred forty-five thousand pages of documents. In the case before this Court, discovery has not yet commenced.[2]

Now before the Court are two motions, Plaintiff's motion for partial summary judgment (ECF No. 29) and Defendants' motion for leave to file an amended answer and counter-complaint (ECF No. 39). Plaintiff's motion, filed in May 2011, seeks summary judgment on two issues. First, Plaintiff asks the Court to declare "[w]hether there is coverage under [Plaintiff's] Polices for 'property damage' that occurred after the final . . . policy period expired?" Pl.'s Mot. Summ. J. iii. Second, Plaintiff seeks a declaration that the policies do not provide coverage for property damage at sixty-three specific Cracker Barrel stores which Plaintiff contends received no flooring until after the policies expired on July 1, 2003. Defendants filed their opposition in June 2011, arguing the motion should be denied because discovery has not been taken in this action and Plaintiff did not seek concurrence from Defendants before filing the motion. On August 29, 2011, the parties filed a stipulation agreeing that the flooring was first shipped to sixty-one specific Cracker Barrel stores after July 1, 2003, according to Defendants' business records. Stipulation Regarding Dates ¶¶ 1-61, ECF No. 48.

For the reasons discussed below, Plaintiff's motion for summary judgment will be granted in part and denied in part. Based on the plain language of the policies, they do not cover property damage that occurred after the final policy period expired, and thus they do not provide coverage for the sixty-one stores which the parties have stipulated did not receive any flooring until after July 1, 2003. As no discovery has yet been taken in this case, however, the remainder of the motion shall be held in abeyance pending discovery.

Also before the Court is Defendants' motion for leave to file an amended answer and counter-complaint in which Defendants seek leave to assert three counterclaims against Plaintiff:

---

[2] Discovery does not close in this case until April 30, 2012. *See* ECF No. 26.

(1) declaratory judgment that Plaintiff is obligated to provide coverage in the underlying North Carolina action; (2) breach of contract for failure to provide this coverage; and (3) penalty interest. Plaintiff opposes the motion, contending that Defendants' "counterclaim is compulsory and, as such, Fed. R. Civ. P. 13(a) required it to be filed at the time of [Defendants'] Answer in March." Pl.'s Opp'n Mot. Am. 2, ECF No. 44. As Plaintiff alleges undue delay, but does not allege any prejudice, Defendants' motion will be granted.

## I.

A motion for summary judgment should be granted if the "movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the initial burden of informing the Court of the basis for its motion, and identifying where to look in the record for relevant facts "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party who must "set out specific facts showing a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (citation omitted). The party opposing the motion may not "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact" but must make an affirmative showing with proper evidence in order to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). In viewing the evidence, the Court must draw all reasonable inferences in favor of the non-moving party and determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52.

In this case, the parties do not dispute that the policies do not cover flooring that was installed after the final policy period expired. *Compare* Pl.'s Mot. Summ. J. (noting that

Defendants do not "even address [Plaintiff's] trigger of coverage argument"), *with* Defs.' Opp'n Summ. J. ("The legal issue raised, as to whether [Plaintiff] is liable for the floors that were installed after its policy expired, is completely different than the factual basis as to when the floors were installed in the Cracker Barrel stores in relationship to the expiration of [Plaintiff's] policies.").

Moreover, an independent review of the policies confirms that under their plain language, no coverage exists under the policies for flooring installed after the final policy period expired on July 1, 2003. *See generally Comerica Inc. v. Zurich Am. Ins. Co*., 498 F. Supp. 2d 1019, 1027 (E.D. Mich. 2007) ("Under Michigan law, an insurance policy is to be enforced according to its plain language.").[3] The policies define "property damage" as "[p]hysical injury to tangible property. All such loss of use shall be deemed to occur at the time of physical injury." Compl. Exs. A at 36, B at 32–33, C at 31–32, D at 36, E at 34. The Cracker Barrel stores are alleged to have suffered "physical injury" when the defective flooring product was installed. Crucially, the policies only cover property damage which "occurs during the policy period." Compl. Exs. A at 7, B at 15, C at 14, D at 16, E at 14. And it is undisputed that the final "policy period" terminated on July 1, 2003.[4] Pl.'s Mot. Summ. J. Ex. A ¶ 4; *see* Defs.' Opp'n Summ. J. *passim*. Thus, as a matter of law, any flooring product installed after July 1, 2003, is excluded from coverage.

The parties have stipulated that Defendants did not ship flooring to sixty-one specific Cracker Barrel stores before July 1, 2003. Stipulation Regarding Dates ¶¶ 1–61. It is self-evident, of course, that the flooring could not be installed in the Cracker Barrel stores before

---

[3] Plaintiff assumes that Michigan substantive law applies to this contract. Defendants do not contest this assumption.

[4] As noted above, although the fifth and final policy was intended to run through December 31, 2003, the policy "was terminated early, on July 1, 2003, at the request of [Defendants]." Pl.'s Mot. Summ. J. Ex. A ¶ 4. Defendants do not dispute this. *See* Defs.' Opp'n Summ. J. *passim*.

Defendants shipped the flooring to the stores. Based on the undisputed facts, the policies do not provide coverage for the sixty-one specific Cracker Barrel stores which the parties have stipulated that Defendants did not ship flooring to until after the final policy period expired on July 1, 2003.

Plaintiff's motion for summary judgment, however, has identified sixty-three Cracker Barrel stores. The stipulation excludes two stores: (1) store number 131, in Cincinnati, Ohio; and (2) store number 579, in Piedmont, South Carolina. *Compare id*., *with* Pl.'s Mot. Summ. J. Ex. B. The parties have not reached consensus on when the flooring was first shipped to these two stores. *See* Stipulation Regarding Dates ¶¶ 62–63. In contrast, the parties do agree that "Defendants have had no opportunity to conduct discovery." *Compare* Defs.' Opp'n Summ. J. 6, *with* Pl.'s Reply Br. 3, ECF No. 36.

"Before ruling on summary judgment motions," the Sixth Circuit has instructed, "a district judge must afford the parties adequate time for discovery, in light of the circumstances of the case." *Plott v. General Motors Corp*, 71 F.3d 1190, 1195 (6th Cir. 1995), *quoted in* Defs.' Opp'n Summ. J. 5. *Accord White's Landing Fisheries, Inc. v. Buchholzer*, 29 F.3d 229, 231, 232 (6th Cir. 1994) (reversing district court because the "grant of summary judgment to the defendants was . . . issued without *any* discovery taking place" (emphasis in original)). This general rule is subject to two significant limitations. First, "Where the party opposing the summary judgment motion has been dilatory in securing the necessary discovery, it cannot be argued that judgment has been entered without the opportunity to establish a genuine issue of fact." *Turner v. General Motors Corp*., 23 Fed. App'x 415 (6th Cir. 2001) (citing *Plott*, 71 F.3d at 1196–97). Second, the party opposing the summary judgment motion waives the right to "adequate time for discovery" unless "the non-movant submits affidavits stating that 'the party

cannot for reasons stated present by affidavit facts essential to justify the party's opposition.' " *Plott*, 71 F.3d at 1196 (quoting Fed. R. Civ. P. 56(f) (amended in 2010)).[5]

Plaintiff does not argue that Defendants have been dilatory in discovery — indeed, Plaintiff does not dispute that Defendants have not had the opportunity to conduct discovery. *See* Pl.'s Reply Br. 3. Rather, Plaintiff asserts, discovery is unnecessary because Defendants have "access to and control of all necessary information relevant to the trigger of coverage issue raised in this motion, because [Defendants are] the manufacturer and seller of the Protect-All flooring." *Id*. In support of its argument, Plaintiff notes that "60 of the 231 documents (25%), representing nearly all of the relevant shipping documents relied upon by [Plaintiff] to generate the [list of sixty-three stores attached as Exhibit B to Plaintiff's motion] were actually produced by [Defendants] in the underlying action." *Id*.

Plaintiff's argument proves too much. That is, prior to Plaintiff's argument, one might have assumed that Defendants had equal — if not better — knowledge than Plaintiff about where and when the flooring was shipped. It was Defendants, after all, who manufactured and shipped the flooring, not Plaintiff. Yet by Plaintiff's own admission, 75 percent of the documents it relies on in compiling its list of stores came from sources other than Defendants. Of course, Defendants undoubtedly also have access to information showing where and when the flooring was sent. Indeed, Defendants may yet have superior knowledge than Plaintiff on this issue.

---

[5] As a part of the 2010 amendments, Rule 56(f), quoted in *Plott*, was restyled and relocated to subdivision (d) of Rule 56. *See* Fed. R. Civ. P. 56 advisory committee's notes (2010). "Subdivision (d) carries forward without substantial change the provisions of former subdivision (f)." *Id*. Rule 56(d) now states:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d) (2010). Thus, under the current Rule, if a party opposing summary judgment demonstrates that it lacks facts necessary to justify its opposition because of lack of opportunity for discovery, the court should defer or deny the motion or "issue any other appropriate order." *Id*.

Defendants are entitled, however, to adequate time for discovery regarding the basis of Plaintiff's assertions, such as the 171 documents which came from a source other than Defendants, in order to contest Plaintiff's specific factual allegations regarding the two disputed stores.

Reinforcing this conclusion, Defendants' counsel has submitted an affidavit stating "Defendants need discovery — and additional time — to ascertain whether there are any other documents that provide additional details relating to the delivery of product." Defs.' Opp'n Summ. J. Ex. A ¶ 5. Defendants' brief elaborates that "without discovery and an opportunity to conduct depositions, Defendants cannot determine whether the documents Plaintiff relies upon are accurate . . . ." Defs.' Opp'n Summ. J. 6. Holding the motion abeyance pending additional discovery regarding the two disputed stores carries no risk of prejudicing Plaintiff's ability to assert its rights under the policies. But ruling on the merits of the motion now, before any opportunity for discovery, may prejudice Defendants' ability to defend their rights under the same policies. Thus, the motion will be denied without prejudice as to these two stores.

Defendants' additional argument, that the motion should be denied in its entirety because Plaintiff violated Local Rule 7.1 of the Eastern District of Michigan Local Rules, is unpersuasive. "Pursuant to E.D. Mich. LR 7.1(a), a party must seek concurrence in all motions." *Cadlerock Joint Venture II LP v. Fielder*, No. 06-15445-BC, 2010 WL 148826, at *1 (E.D. Mich. Jan. 14, 2010); *see also* E.D. Mich. L.R. 7.1(a)(1) (requiring that "[t]he movant must ascertain whether the contemplated motion . . . will be opposed"). Violating this Rule may result in the motion being denied as a sanction. *See, e.g.*, *U.S. v. Ramesh*, No. 02-80756, 2009 WL 817549, at *6 (E.D. Mich. March 26, 2009).

In this case, the parties dispute whether concurrence was sought. Defendants argue that "Plaintiff made no effort to ascertain whether its [m]otion would be opposed." Defs.' Opp'n Summ. J. 7. Plaintiff disputes this, attaching several emails it contends "properly documented its attempts to seek concurrence." Pl.'s Reply Br. 3. *See also id*. Exs. B, C, D. These emails do document an attempt to resolve this dispute prior to filing. On June 27, 2010, for example, Plaintiff's counsel wrote to Defendants' counsel: "please advise as to [Defendants'] position with regard to the flooring systems installed after [Defendants'] went off the risk. [Defendants'] cooperation with regard to these issues is appreciated." *Id*. Ex. C. More than ten months passed. On May 12, 2011, Plaintiff's counsel wrote again:

> Please be advised that today I plan to file a Motion for Partial Summary Judgment in the above matter on the trigger issue. . . . Based upon the previous correspondence . . . I presume you do not concur in the relief sought in this motion. If this is assumption is incorrect, please let me know.

*Id*. Ex. B. Plaintiff also requested consent to the filing of a motion to file documents under seal. Defendants' counsel responded: "I do not believe this is a good faith effort to secure concurrence." Defs.' Opp'n Summ. J. Ex. E. Defendants' counsel followed up the following morning: "As to the Motion to File Under Seal, I did not receive the Proposed Order referenced in the Motion. I concur in the Motion, except for the part dealing with the filing of a Motion for Partial Summary Judgment." *Id*. Ex. D. That day, Plaintiff filed its motion for partial summary judgment. The course of conduct from June 2010 to May 2011 demonstrates that Plaintiff did try, however tepidly, to resolve the issue prior to filing its motion for summary judgment. Thus, although Plaintiff certainly could have done more to obtain concurrence before filing its motion, imposing a Rule 7.1 sanction is inappropriate in this case.

## II.

Rule 13(a) of the Federal Rules of Civil Procedure states that a compulsory counterclaim — one which "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim" — "must" be pled at the time an answer is served. Fed. R. Civ. P. 13(a). In this case, the parties do not dispute that the proffered counterclaim is compulsory. *Compare* Pl.'s Opp'n Mot. Am. 2, *with* Defs.' Mot. Am. 3.  Indeed, it is the mirror image of Plaintiff's complaint:  Plaintiff's complaint seeks a declaration that it has no insurance coverage obligation for the North Carolina litigation, while Defendants' proffered counterclaim seeks a declaration that Plaintiff has such an obligation.

Rather, the only issue in dispute is the "must" in Rule 13(a). *See* Fed. R. Civ. P. 13(a) ("A pleading *must* state as a counterclaim any claim that — at the time of its service — the pleader has against an opposing party . . . ." (emphasis added)).  On its face, "must" appears to admit no exception — a counterclaim "must" be pled at the time the answer is served. Such, however, is not the rule.  Until 2009, subdivision (f) of Rule 13 modified the "must" of subdivision (a), providing that when a party fails to include a counterclaim in a pleading by "oversight, inadvertence, or excusable neglect" or "when justice requires," that party may "by leave of court set up the counterclaim by amendment."  Fed. R. Civ. P. 13(f) (abrogated in 2009). *See generally Budd Co. v. Travelers Indem. Co.*, 820 F.2d 787, 791-92 (6th Cir. 1987) (quoting 6 C. Wright & A. Miller, *Federal Practice & Procedure* § 1430, at 155 (1971) ("The clause in Rule 13(f) permitting amendments 'when justice requires' is especially flexible and enables the court to exercise its discretion and permit amendment whenever it seems desirable to do so."). Subdivision (f) was removed in 2009, the Advisory Committee's Notes explain, "as largely redundant and potentially misleading."  Fed. R. Civ. P. 13 advisory committee's notes (2009).

Instead, the Notes instruct, "[a]n amendment to add a counterclaim will be governed by Rule 15." *Id.*

Rule 15, in turn, provides in pertinent part: "The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2) (2010). Although generally freely given, justice does not require leave be given when the nonmoving party shows: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the [nonmoving] party by virtue of allowance of the amendment, [or] futility of amendment." *Forman v. Davis*, 371 U.S. 178, 182 (1962). The Supreme Court has cautioned, however, that although "the grant or denial of an opportunity to amend is within the discretion of the District Court . . . outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion." *Id.*

In this case, Plaintiff does not argue the Court should deny leave to amend because of undue prejudice, bad faith, dilatory motive, repeated failure to cure deficiencies by amendments, or futility of amendment — and it is not the role of the Court to invent such arguments for Plaintiff. *See Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 406 (6th Cir. 1992) (noting that it is "utterly inappropriate for the court to abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion."). Plaintiff does, perhaps, argue that there has been undue delay, writing that it "cannot affirmatively consent to a counterclaim against it particularly in light of [Defendants'] failure to timely assert it under Fed. R. Civ. P. 13(a)." Pl.'s Opp'n Mot. Am. 4. Yet under Sixth Circuit precedent, "it is well-settled that delay alone is not a sufficient reason for denying leave. The delay must have resulted in prejudice to the party opposing the

motion." *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986) (per curiam) (citation omitted) (citing *Mercantile Trust Co. Nat'l Ass'n v. Inland Marine Products Corp.*, 542 F.2d 1010, 1012 (8th Cir.1976)); *see, e.g.*, *Prater v. Ohio Educ. Ass'n*, 505 F.3d 437, 445 (6th Cir. 2007) ("[O]ur court . . . has required 'at least some significant showing of prejudice' to deny a motion to amend based solely upon delay." (quoting *Moore,* 790 F.2d at 562)).  In this case, Plaintiff has not alleged any prejudice.  Thus, the Court must give Defendants leave to amend their answer to add a counterclaim.

### III.

Accordingly, it is **ORDERED** that Plaintiff's motion for partial summary judgment (ECF No. 29) is **GRANTED IN PART AND DENIED IN PART**.

It is further **DECLARED** that Plaintiff has no insurance coverage obligation for property damage that occurred after the final policy period expired on July 1, 2003.

It is further **DECLARED** that Plaintiff has no insurance coverage obligation for the sixty-one stores which the parties have stipulated did not receive any flooring until after July 1, 2003.

It is further **ORDERED** that Plaintiff's motion for summary judgment that Plaintiff has no insurance coverage obligation for store no. 131, in Cincinnati, Ohio, and store no. 579, in Piedmond, South Carolina, is **DENIED WITHOUT PREJUDICE**.  Plaintiff may renew its motion at the close of discovery, if necessary.

It is further **ORDERED** that Defendants' motion for leave to file an amended answer and counter-complaint (ECF No. 39) is **GRANTED**.

Dated: September 2, 2011

           s/Thomas L. Ludington
           THOMAS L. LUDINGTON
           United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 2, 2011.

                                              s/Tracy A. Jacobs
                                              TRACY A. JACOBS